[Cite as *In re Change of Name of K.G.M. to K.G.S.*, 2016-Ohio-7998.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN RE:  CHANGE OF NAME OF K.G.M. TO K.G.S. | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO.  2016-T-0013** |
| | : | |
| | : | |

Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2013 CON 0033.

Judgment: Affirmed.

*Robert J. Rohrbaugh, II,* Robert J. Rohrbaugh, II, L.L.C., 3200 Belmont Avenue, Suite 6, Youngstown, OH  44505 (For Appellant-Julie McCool).

*John H. Chaney, III,* Daniel Daniluk, L.L.C., 1129 Niles-Cortland Road, S.E., Warren, OH  44484 (For Appellee-Kirk Sherrill).

CYNTHIA WESTCOTT RICE, P.J.

{¶1}    Appellant, Julie McCool, appeals from the judgment of the Trumbull County Court of Common Pleas, Probate Division, denying her motion to vacate the trial court's November 2013 judgment granting an "application for change of the name of minor," filed by appellee, Kirk Sherrill.  The judgment is affirmed.

{¶2}    On April 30, 2013, appellee filed an application to change the name of K.G.S., the parties' daughter.  The application was properly served upon appellant and notice was placed in the Trumbull County Legal News.

{¶3}     An initial hearing was held on the application after which the trial court appointed a Guardian Ad Litem ("GAL") for K.G.S.  Counsel for appellant appeared and opposed the name change.  Counsel subsequently filed written objections to the application.  On October 10, 2013, the GAL filed his report.  The report discussed the GAL's interviews with the parties, including K.G.S., as well as an analysis of whether the name change was in K.G.S.' best interest.  The GAL ultimately recommended that the court should grant the appellee's application.

{¶4}     On October 18, 2013, the matter proceeded to a full evidentiary hearing. After the hearing, the magistrate determined the name change would be in K.G.S.' best interest and therefore recommended that appellee's application be granted. No objections were filed to the magistrate's decision.  On November 4, 2013, the trial court adopted the magistrate's decision.  Appellant did not appeal the trial court's judgment.

{¶5}     On January 11, 2016, appellant filed a motion to vacate the November 4, 2013 judgment, alleging appellee did not reside in Trumbull County when the application was filed and, as a result, the trial court lacked jurisdiction.  On January 29, 2016, the magistrate denied the motion.  The trial court subsequently adopted the decision. Appellant now appeals assigning the following error:

{¶6}     "The trial court erred in overruling appellant's motion to vacate."

{¶7}     Appellant contends the trial court lacked jurisdiction to enter the November 4, 2013 judgment because appellant was not a resident of Trumbull County when the application was filed.

{¶8}     Subject-matter jurisdiction defines a court's authority to adjudicate, while venue specifies where judicial authority may be exercised based on convenience to the

2

parties. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-168 (1939). Subject-matter jurisdiction asks whether the legislature has empowered the court to hear cases of a certain genre. Venue asks where certain kinds of cases should proceed. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). While a jurisdictional issue can be raised at any time in the proceedings, the failure to raise the defense of improper venue in a responsive pleading or by motion waives the defense. *See e.g. McGannon v. A. Am. Entertainment Corp.*, 8th Dist. Cuyahoga No. 76002, 1999 Ohio App. LEXIS 3308, *12 (July 15, 1999).

{¶9} Appellant's argument challenges the venue of the proceedings, not the probate court's subject-matter jurisdiction. Appellant, however, did not allege improper venue prior to or during the name-change hearing. That defense was therefore waived. For this reason alone, the trial court's judgment must be affirmed. Assuming the issue was not waived, however, appellant's motion to vacate was properly denied.

{¶10} "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988), citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976) at paragraph two of the syllabus.

{¶11} Appellant's motion to vacate was filed over two years after the judgment granting the name change was entered. Appellant did not indicate whether the motion was filed pursuant to Civ.R. 60(B)(1) through (3); if it was, it was untimely as a matter of

law. If it was filed pursuant to Civ.R. 60(B)(5), the "catch-all" provision, appellant failed to justify the delay and, as a result, the motion was not filed within a reasonable time.

{¶12} Moreover, R.C. 2717.01(A)(1) governs proceedings for a change of name and provides, in relevant part: "A person desiring a change of name may file an application in the probate court of the county in which the person resides."

{¶13} A review of appellee's application for change of name reveals that he had been a "bona fide resident" of the city of McDonald, in Trumbull County, Ohio for at least one year immediately prior to the filing of the application. Appellant's conclusory allegation that appellee was not a resident of Trumbull County does not establish that appellee's statement was false. Appellant has produced no evidence to refute appellee's representation that he was a bona fide resident of Trumbull County at the time the application was filed. Even if the venue challenge was not waived, appellant failed to demonstrate the defense. We therefore hold the trial court did not err in denying appellant's motion to vacate.

{¶14} Appellant's assignment of error lacks merit.

{¶15} The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

4